Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3361 | **DATE** | OCT 6 - 2000 |
| **CASE TITLE** | Rayburn v. Car Credit Center Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)    ☐ General Rule 21    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, defendant's motion to dismiss [Doc. 4-1] is denied.

/s/ David H. Coar

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | OCT 1 0 2000 |
| | Notified counsel by telephone. | | date docketed |
| X | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | |
| dc(lc) | courtroom deputy's initials | 00 OCT -6 PM 5:54 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
OCT 1 0 2000

| | |
|---|---|
| LILLIAN RAYBURN, | ) |
| Plaintiff, | ) |
| v. | ) No. 00 C 3361 |
| CAR CREDIT CENTER CORPORATION, | ) HONORABLE DAVID H. COAR |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Lillian Rayburn ("Rayburn") brought a four count complaint against Car Credit Center Corporation ("Car Credit"), in which she alleged violations of the Truth-In-Lending Act ("TILA"), 15 U.S.C. § 1602 et seq., the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et seq., the Illinois Consumer Fraud and Deceptive Business Practices Act ("Fraud Act"), 815 ILCS 505/2 et seq., and the Uniform Commercial Code ("UCC") § 9-503, 810 ILCS 5/9-503. Before this court is the defendant's motion to dismiss all counts of Rayburn's complaint. For the reasons discussed herein, defendant's motion is denied.

### I. Standard of Review

In a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the inquiry is limited to whether the plaintiff has stated a cognizable claim, not whether the plaintiff will prevail on the merits. See Leguillou v. Lynch Ford, Inc., No. 99 C 3449, 2000 WL 198796, at *2 (N.D. Ill. Feb. 14, 2000).



In ruling on a motion to dismiss, the court must presume all of the well-pleaded allegation of the compliant to be true, and view the allegations in a light most favorable to the plaintiff. See id. (citing Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 648 (7th Cir. 1997)). A motion to dismiss will be granted only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle her to relief. See Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987 F. 2d 429, 432 (7th Cir. 1993).

## II. Background

The following facts were alleged in Rayburn's complaint. On or around June 4, 1999, Rayburn entered into a Retail Installment Contract and a Purchase Contract with Car Credit for the purchase of an automobile. Car Credit regularly arranges for the extension of credit to purchasers of vehicles. The Retail Installment Contract reflected a down payment of $2000.[1] Car Credit, however, informed Rayburn that she would be financed upon remittance of a $1000 down payment. Rayburn made the $1,000 payment, and Car Credit requested an additional $500. Half of the additional amount was paid on July 9, 1999, and the remainder on July 23, 1999. On or around July 23, 1999, a Car Credit agent informed Rayburn that an additional $500 was required for the down payment. Rayburn paid $250 toward that amount and requested a payment book before making any more payments.

---

[1] Although this figure was not set forth in the complaint, it was derived from the Retail Installment Contract itself. Rayburn did not attach the contract to her complaint. Nevertheless, the document is considered a part of the pleadings and may be utilized for purposes of a motion to dismiss where, as here, the document is referred to in the plaintiff's complaint and is central to her claim. See Venture, 987 F.2d at 431 (finding that motion not transformed into one for summary judgment where court examined core contract attached by defendant).

On or around August 4, 1999, Rayburn notified Car Credit that she had not received a payment book or any information about where to direct her first installment payment, which was due August 15, 1999. After being alerted to the identity of the finance company to which her contract had been assigned, Rayburn called Overland Bond ("Overland"). Overland could not find Rayburn "in the system," and inquired as to whether Rayburn had remitted all of her down payment. When Rayburn answered in the negative, Overland directed her to call back after she finished making her payments. Rayburn was not able to send her first payment on the required date because she did not have an address to which to remit payment.

The financing of Rayburn's car was conditioned on a satisfactory credit rating, and Car Credit declined to extend credit to Rayburn. Rayburn did not receive a written notice that her application for financing had been denied. On or about August 22, 1999, Car Credit's agents repossessed the vehicle Rayburn had purchased from Car Credit. Rayburn's down payment was not returned to her.

### III. Discussion

A. Count I: Truth-In-Lending Act

In Count I, Rayburn alleges that Car Credit represented to her that financing had been obtained when in fact it had not, thereby violating TILA. Rayburn also contends that the Retail Installment Contract was incorrect to the extent that the amount financed reflected a figure based on a $2000 down payment rather than the $1000 actually remitted.

TILA was enacted "to assure meaningful disclosure of credit terms so that the consumer will be able to compare more readily the terms available to him and avoid the uninformed use of

credit . . . ." 15 U.S.C. § 1601(a) (quoted in Leguillou, 2000 WL 198796, at *3). Accordingly, TILA requires creditors to provide borrowers with clear and accurate disclosures of finance charges, annual percentage rates of interest, and the borrower's rights. See Leguillou, 2000 WL 198796, at *3 (citing 15 U.S.C. §§ 1605, 1638, 1632; 12 C.F.R. § 226.18).

In the present case, Rayburn alleges that a credit sale transpired on June 4, 1999, when Rayburn and Car Credit executed the Retail Installment Contract, which disclosed that she would be financed $14,930.36. At that time, Rayburn asserts, an agent of Car Credit assured her that she would have credit upon remittance of a $1,000 down payment. Rayburn alleges that even though she paid that amount, she was never approved for credit.

In its defense, Car Credit insists that all substantive disclosure requirements of TILA have been satisfied. Even so, the representations made by the Car Credit agent, namely that financing had been obtained, may constitute a TILA violation. See Williams v. Thomas Pontiac, No. 99 C 882, 1999 WL 787488, at *2 (N.D. Ill. Sep. 24, 1999) (denying motion to dismiss where plaintiff alleged that she had been told incorrectly that she had obtained financing). Moreover, there exists a question of fact as to whether the amount financed set forth in the contract was the correct amount in light of the down payment actually paid. Defendant's motion to dismiss is denied with respect to Count I.

B. Count II: Equal Credit Opportunity Act

In Count II, Rayburn alleges that Car Credit violated the ECOA by failing to comply with the written notification requirements provided for therein.

Section 1691(d) of the ECOA entitles applicants to written notification of denial of credit. See 15 U.S.C. § 1691(d)(2)[2]. The rejection notice must be given within thirty days after receipt of the completed application for credit and must contain a statement of the reasons for the adverse action taken by the creditor[3]. See 15 U.S.C. § 1691(d)(1),(2). Rayburn alleges that she did not receive a written notice of denial of credit despite the rejection of her credit application. Thus, she makes out a claim upon which relief may be granted.

Car Credit argues that Rayburn fails to articulate a cognizable violation of the ECOA because she does not allege discrimination. Although the ECOA addresses discriminatory lending practices, discrimination is not a requisite to an actionable ECOA claim. See Williams,

---

[2] The provision reads in pertinent part:
Each applicant against whom an adverse action is taken shall be entitled to a statement of reasons for such an action from the creditor. A creditor satisfies this obligation by
    (A) providing a statement of reasons in writing as a matter of course to applicants against whom adverse action is taken; or
    (B) giving written notification of adverse action which discloses
        (i) the applicant's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification, and
        (ii) the identity of the person or office from which such statement may be given orally if the written notification advises the applicant of his right to have the statement of reasons confirmed in writing on written request.
15 U.S.C. § 1691(d)(2).

[3] Any person who "regularly arranges for the extension, renewal, or continuation of credit" is obligated to issue a notice to applicants. 15 U.S.C. § 1691a(e). In her complaint, Rayburn contends that Car Credit regularly arranges for the extension of credit to applicants. As such, Car Credit qualifies as a creditor under the ECOA. See Leguillou, 2000 WL 198796, at *4 (determining that automobile dealer was creditor within meaning of ECOA).

1999 WL 787488, at *3 (holding that allegations of creditor's failure to provide a written rejection notice in the absence of any discriminatory charges is sufficient to state an ECOA claim); Pinkett v. Payday Today Loans, LLC, No. 99 C 3332, 1999 WL 592189, at *1 (N.D. Ill. Aug. 3, 1999) (noting that the plain language of the statue does not require allegations of discrimination) (citing 15 U.S.C. § 1691(d)). Section 1691(d) sets forth a notification requirement separate and apart from the statute's discrimination provisions, and Rayburn' allegation that Car Credit failed to issue a notice establishes a claim under the provision. See Pinkett, 1999 WL 592189, at *1 (discussing how enforcement of written notification requirement effectuates purpose of statute) (citing Jochum v. Pico Credit Corp. of Westbank, 730 F.2d 1041, 1043 (5th Cir. 1984)).

## C. Count III: Illinois Consumer Fraud and Deceptive Business Practices Act

Count III of Rayburn's complaint is premised on two theories: that Car Credit misrepresented to Rayburn that she had been financed, and that Car Credit fraudulently refused to return Rayburn's down payment after repossessing her car.

To set forth a violation of the Fraud Act, a plaintiff must allege: (1) that the defendant engaged in a deceptive act or practice; (2) that the defendants intended that the plaintiff rely on that deception; (3) that the deception occurred in the course of conduct involving trade or commerce; and (4) that the act proximately caused damage. See Williams, 1999 WL 787488, at *3 (citing B. Sanfield, Inc. v. Finlay Fine Jewelry Corp., 168 F.3d 967, 970-71 (7th Cir. 1999)). Here, Rayburn's allegations-- that Car Credit, in the course of trade or commerce, misrepresented

that she had obtained financing, proximately causing damages– are sufficient to state a claim. See, e.g., Williams, 1999 WL 787488, at *3.

Furthermore, Rayburn adequately alleges a violation of the Fraud Act with respect to Car Credit's failure to return her down payment. In response, Car Credit claims that its duty to provide credit was extinguished by Rayburn's failure to remit the total amount of the down payment. With no obligation to review Rayburn's creditworthiness, Car Credit reasons, it did not deny credit to Rayburn, and it was not compelled to return the down payment. Section 2C of the Fraud Act, however, makes clear that no part of the down payment may be withheld under the circumstances presented. See 815 ILCS 505/2C.[4] See also Roche v. Fireside Chrysler-Plymouth, Mazda, Inc., 600 N.E.2d 1218, 1226, 235 Ill. App. 3d 70, 82, 175 Ill. Dec. 760, 768 (Ill. App. Ct. 1992) (holding that defendant subject to section 2C's requirement of returning down payment where plaintiff unable to pay additional amount demanded for down payment).

In the alternative, Car Credit seeks to construe the withheld amount as a charge for Rayburn's use of the car prior to the repossession. This argument too, is undermined by the plain language of section 2C, which prohibits the "retention by the seller of part or all of the down payment . . . as liquidated damages to cover depreciation of the merchandise." 815 ILCS 505/2C. Defendant's motion to dismiss count III is accordingly denied.

---

[4] Section 2C reads in relevant part:
If the furnishing of merchandise, whether under purchase order or a contract of sale, is conditioned on the consumer's providing credit references or having a credit rating acceptable to the seller and the seller rejects the credit application of that consumer, the seller must return to the customer any down payment . . . made under that purchase order or contract and may not retain any part thereof.
815 ILCS 505/2C.

### D. Count IV: Uniform Commercial Code

Count IV alleges a violation of section 9-503 of the UCC. Pursuant to that provision, a secured party has the right to take possession of the collateral upon default unless otherwise agreed. See 810 ILCS 5/9-503. Rayburn contends that she was not in default when Car Credit engaged in self-help repossession. Thus, she argues, Car Credit was not entitled to repossess her vehicle.

Rayburn concedes in her complaint that she failed to pay the full amount of her down payment and that she failed to remit her first installment payment. See Compl. ¶¶ 7-13. Rayburn contends, however, that there remains a question of fact as to whether she was in default. First, Rayburn points out, the defendant never specified when the down payments were due. With respect to the first installment payment, Rayburn notes that she was not provided with an address to which to send her payments. These questions of fact preclude dismissal of this count at this juncture.

## IV. Conclusion

For the foregoing reasons, defendant's motion to dismiss is denied.

Enter:

_____
David H. Coar
**United States District Judge**

Dated: **OCT 6 - 2000**